■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL CESCHINI, Appellant, v. WARDEN, Respondent.— Order entered December 12, 1967, dismissing the writ of habeas corpus, unanimously reversed, on the law and the facts, and the matter is remanded to the Supreme Court for a hearing to determine whether any rehabilitation procedures are being made available to the relator and, if so, the extent thereof. Petitioner alleges that he was convicted on November 12, 1965 for the misdemeanors of violation of probation, and violation of 1747-d of the Penal Law (entitled, Sale or possession of hallucinogenic drugs or preparations). Each violation subjected relator to punishment under the Penal Law for not more than one year. However, as permitted under the Correction Law, relator was sentenced to concurrent indefinite terms in the New York City Penitentiary. Under such sentence, pursuant to Article 7-A of the Correction Law, relator may be incarcerated on each conviction for as long as three years. It appears that relator has already served more than two years. The relator alleges that since he is a homosexual, he has been segregated from other prisoners and that he, therefore, has been deprived of "participating in activities, such as school, learning a trade, which would contribute to [his] rehabilitation", and, in sum, deprived of "any activities which would benefit him." Relator, therefore, argues that the purpose of being sentenced under article 7-A of the Correction Law has not been fulfilled and, in consequence, he has been confined to penal servitude for more than the one-year maximum the Penal Law allows. It is the opinion of this court that a hearing should be held to determine whether relator is being afforded rehabilitation treatment. The primary purpose of a commitment under article 7-A of the Correction Law is rehabilitation, rather than punishment. As such, a person sentenced thereunder, and kept incarcerated for a period longer than that permitted by the Penal Law, should receive some form of rehabilitation treatment. While it is not for the court to determine the nature of the treatment or facilities to be afforded to the relator, nevertheless where the claim is that a person sentenced to an institution for rehabilitation is being deprived of any rehabilitation treatment, the court should inquire into that allegation. The matter is more than just an administrative problem (see *People ex rel. Brown* v. *Johnston*, 9 N Y 2d 482). Indeed, where prisoners who have been sentenced under the Penal Law to a term of imprisonment of from one day to life, have alleged that they have not been given any therapeutic care or treatment, or rehabilitation, the courts have ordered hearings to determine the extent of treatment actually being given (*People ex rel. Smith* v. *La Vallee*, 29 A D 2d 248; *People ex rel. Kaganovitch* v. *Wilkins*, 23 A D 2d 178). Accordingly, the matter is remanded

for a hearing in accordance with the opinion of this court. Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.