Bernard S. Meyer, J.
Relator was confined in the Nassau County Jail on October 31, 1969. By pro se petition entitled as a writ of habeas corpus, he alleges that he has since he entered the jail been held in solitary confinement because he refused to shave his beard off, that he is a musician and a Muslim by faith and both for religious and professional reasons does not want to be clean shaven. He asks that he be released from solitary confinement and given the normal privileges of a prisoner awaiting trial. Notwithstanding that relator does not contest the propriety of his confinement on the underlying charge, he may by a writ raise the issue whether restraint in excess of that permitted is being imposed upon him (People ex rel. Brown v. Johnston, 9 N Y 2d 482). Were that not the case, the issue could properly be presented in an article 78 proceeding (Matter of Brown v. McGinnis, 10 N Y 2d 531; Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508). In light of that fact and of CPLR 103 (subd. [c]), there is no question that the matter is properly before the court.
Respondent points to the minimum standards adopted by the Commissioner of Correction (7 NYCRR 100.13 [e] which states that “ Prisoners * * * must be clean shaven ”) and urges that such a regulation is reasonable since heavy hair may conceal contagious skin conditions, and that the court should not interfere with administration of the jails. It is not necessary for the court to determine whether a regulation against facial hair applied to all prisoners equally is valid, for the testimony reveals a constitutionally invalid discrimination against relator.
“ Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with * * * an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution ” (Yich Wo v. Hopkins, 118 U. S. 356, 373-374; accord: Matter of Diocese of Rochester v. Planning Bd., 1 N Y 2d 508, supra; Matter of Zorach v. Clauson, 303 N. Y. 161, affd. 343 U. S. 306). The jail supervisory officer, Captain Clark, testified that relator stated when he was admitted that he belonged to the Islamic religion and that he told relator that that was not recognized as a religion in the institution. He further testified that there was no formal regulation about hair at the Nassau County Jail, *137 but that the order to the staff was that inmates were only permitted to wear a mustache (and that only if neatly trimmed) and that relator was segregated for sanitary rather than punitive reason. He admitted, however, that an Orthodox Jew would not be required to shave his beard, and that while he would be isolated from other prisoners it would not be in a solitary confinement cell. He admitted also that a solitary confinement cell has no window, has artificial light only in its vestibule area and has very much less by way of facilities than an ordinary cell.
Though the court has no reason to doubt Captain Clark’s good faith in stating that he is not required to recognize the Islamic religion, it is now beyond question that he is wholly in error. Matter of Brown v. McGinnis (supra); Matter of Bryant v. Wilkins (45 Misc 2d 923, mod. 24 A D 2d 1077, cert. den. 383 U. S. 972); Matter of SaMarion v. McGinnis (55 Misc 2d 59); Jackson v. Godwin (400 F. 2d 529); Long v. Parker (390 F. 2d 816); Sostre v. McGinnis (334 F. 2d 906); SaMarion v. McGinnis (253 F. Supp. 738) are authority for the proposition that there may not be discrimination against followers of the Islamic faith; see, also Vogelman, Prison Restrictions — Prisoner Rights (59 J. Crim. L. C. & P. S. 386); Note 72 Yale L. J. 506; Ann. 12 ALR 3d 1276. Since the officer’s testimony establishes that relator is being held in solitary confinement and that an Orthodox Jew seeking to retain his beard would not be so held, relator is entitled to judgment requiring the respondent to release him from solitary confinement.