THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN J. PERRELLO, JR., on Behalf of HENRY SLAUGHTER, Appellant, *v.* HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent.

Fourth Department, March 6, 1975.

*Nathaniel A. Barrell (Stephen J. Perrello, Jr.,* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Eugene A. Panfil* of counsel), for respondent.

GOLDMAN, J. Relator-petitioner appeals from a Wyoming County Court judgment which dismissed his petition for a writ of habeas corpus. Petitioner seeks to be dismissed from the custody of Attica Correctional Facility or, in the alternative, to be transferred to the Albion Correctional Facility.

Petitioner is serving an indeterminate sentence with a maximum of four years. Upon sentencing in April, 1973 petitioner was committed to Elmira Reception Center. After serving approximately 14 months in Elmira, petitioner was transferred to the Albion Facility so that he might enter a school release program which would afford him opportunity to attend classes on a daily basis outside the walls of the facility. In July, 1974, after approximately 40 days at the Albion Facility, petitioner was transferred to Attica Facility in order to secure needed medical attention, there being no hospital facilities at the Albion Facility adequately equipped to deal with petitioner's illness.

On August 5, 1974 petitioner's mother received the following letter from Superintendent Harold J. Smith of the Attica Facility: "Your son was sent here from Albion because he was rather depressed. He has been seen on several instances by the psychiatrist here, who feels at the present time that he is ready to return to Albion. We will recommend the same to our Albany Office and then await his transfer back to Albion."

On September 30, 1974 the petitioner's mother received the following letter from the Acting Superintendent of the Attica Facility: "Our Central Office in Albany turned down our recommendation that your son be transferred to the Albion Correctional Facility. It is felt that he should avail himself of the programs that are available at this facility."

In his petition verified October 8, 1974 petitioner asserts that he has received neither medical attention nor medicine for more than two months. Petitioner further claims that a member of the Service Unit of the Attica Facility has advised him that the facility was awaiting "imminent transfer back to the Albion Facility". Petitioner asserts, and there is nothing in the record to the contrary, that his conduct at Attica has been good and that his health no longer requires, nor is he receiving,

medical attention and there is no reason why he should not be returned to the Albion Facility.

The Wyoming County Court, without a hearing, summarily dismissed the writ and petition without prejudice on the ground that habeas corpus is not the proper remedy. The court stated in the judgment that: "His complaint is on the transfer from one penal institution to another one, alleging that the departmental process by which this was done was improper. He does not argue that he does not belong in a bastile, but simply says that he is in the wrong jail. Since his imprisonment is obviously constitutional and legal, the fact that he does not like the penal accommodations does not give him the right to a writ of habeas corpus. If he is entitled to any relief at all, it should be under an Article 78 proceeding." The petition, prepared with the assistance of the Legal Aid Bureau in Buffalo, substantially sets forth all of the allegations which would have been required to support a CPLR article 78 proceeding. After the dismissal of the writ an oral application was made to the Wyoming County Court to consider the petition as an article 78 application. That motion was denied. In a well prepared brief by Prisoners' Legal Assistance Project of the Legal Aid Bureau of Buffalo petitioner contends that the remedy of habeas corpus lies to redress petitioner's claims of unlawful imprisonment at Attica. He further urges that if habeas corpus relief is not available, it was error for the court to have refused to consider the petition as an application for relief under article 78. Having named the Superintendent of the Attica Facility as a respondent and the Attorney-General having appeared for him, all of the necessary parties in an article 78 proceeding were before the court. The court having jurisdiction of the parties should not have dismissed the proceeding simply because an inappropriate form of remedy was used (*Matter of Lakeland Water Dist.* v. *Onondaga County Water Auth.*, 24 N Y 2d 400, 408; *Matter of Figari* v. *New York Tel. Co.*, 32 A D 2d 434, 441; *People ex rel. Henderson* v. *Casscles*, 66 Misc 2d 492, 496).

Petitioner having originally been sentenced to a reformatory because of his youth and then transferred to Albion Facility, a minimum security institution, it is fair to assume that the authorities did not believe that a maximum security institution such as Attica was an appropriate place of confinement for this young man. In *People ex rel. Meltsner* v. *Follette* (32 A D 2d 389, 391–392) the dismissal of a writ of habeas corpus was reversed, on the law and the facts, and the writ

sustained "to the extent that the respondent should be directed to afford the relator treatment consistent with his sentence or, if such treatment not be readily available at Green Haven Prison, to transfer the relator to a correctional institution where such treatment is available or to release him". This direction was in furtherance of the court's holding that the court had the authority to consider whether the place of confinement is proper and consistent with relator's sentence. As stated in *People ex rel. Ceschini* v. *Warden* (30 A D 2d 649): "While it is not for the court to determine the nature of the treatment or facilities to be afforded to the relator, nevertheless where the claim is that a person sentenced to an institution for rehabilitation is being deprived of any rehabilitation treatment, the court should inquire into that allegation. The matter is more than just an administrative problem (see *People ex rel. Brown* v. *Johnston,* 9 N Y 2d 482)."

In *Ceschini* the court reversed the dismissal of the writ of habeas corpus and remanded the matter for a hearing.

The Court of Appeals considered a challenge to the place of confinement by means of a writ of habeas corpus in *People ex rel. Brown* v. *Johnston* (9 N Y 2d 482) where the relator was sentenced to Attica Correctional Facility for an indeterminate sentence of one day to life. He was thereafter transferred to Dannemora State Hospital and applied for a writ of habeas corpus, contending that he had been illegally transferred. In reversing the dismissal of the writ the court made this cogent statement at page 485:

"In spite of the fact that it is well settled that one may not by means of a writ of habeas corpus challenge imprisonment or restraint 'by virtue of the final judgment * * * of a competent tribunal of * * * criminal jurisdiction' (Civ. Prac. Act, §§ 1231, 1230), it seems quite obvious that any *further* restraint *in excess* of that permitted by the judgment or constitutional guarantees should be subject to inquiry. An individual, once validly convicted and placed under the jurisdiction of the Department of Correction (Correction Law, § 6), is not to be divested of all rights and unalterably abandoned and forgotten by the remainder of society. If these situations were placed *without* the ambit of the writ's protection, we would thereby encourage the unrestricted, arbitrary and unlawful treatment of prisoners, and eventually discourage prisoners from co-operating in their rehabilitation. * * *

"The State's right to detain a prisoner is entitled to no greater application than its correlative duty to protect him from

unlawful and onerous treatment (Ann. 155 A. L. R. 145, 146), mental or physical. ' [R]elief other than that of absolute discharge ' should be forthcoming (see *Matter of Albori,* 218 Cal. 34, 37; 39 C. J. S., Habeas Corpus, § 9, p. 440; Ann. 155 A. L. R. 145, 146; *Matter of Rider,* 50 Cal. App. 797; *Matter of Byrnes,* 26 Cal. 2d 824).'' (See, also, *People* v. *Gersewitz,* 294 N. Y. 163, 167; *People ex rel. Saia* v. *Martin,* 289 N. Y. 471.)

The United States Court of Appeals for the District of Columbia Circuit dealt with this question in a different context. The relator sought transfer from a maximum security pavilion of a hospital to a less restrictive ward. The District Court dismissed the writ of habeas corpus on the ground that it was the wrong remedy and that the place of confinement could not be challenged by a writ. The Court of Appeals reversed and asserted that a court, once it possesses all the necessary facts which are produced on a hearing, is better equipped to review the hospital's decision. Speaking for the court, Chief Judge BAZELON stated: '' it is well settled that habeas corpus challenges the place as well as the fact of confinement '' (*Covington* v. *Harris,* 419 F. 2d 617, 620). The Department of Correction should not be unduly hampered or restricted in its judgment with reference to the movement and transfer of prisoners. Nevertheless, its decision should be consonant with the best interest and welfare of the prisoner as well as the institution.

The Wyoming County Court should have treated this application as an article 78 proceeding and therefore it is unnecessary to determine whether habeas corpus is an appropriate remedy. A full and adequate hearing should be had to determine the reasons for the refusal to re-transfer petitioner to the Albion Facility. Absent any impelling reason it would seem that petitioner should be returned so that he may continue to further his education under the release program. The hearing court will have the benefit of all of the facts and circumstances surrounding this petitioner and should be in a more informed position than this court to make the proper determination.

The judgment should be reversed and the matter remitted to Wyoming County Court.

MARSH, P. J., SIMONS, MAHONEY and WITMER, JJ., concur.

Judgment unanimously reversed on the law and facts and matter remitted to Wyoming County Court for proceedings in accordance with opinion by GOLDMAN, J.