■ In the Matter of KAREN R. KAUFMAN, on Behalf of LEE TRAVIS, Appellant, v ROBERT HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents.—Judgment unanimously affirmed. Memorandum: Relator appeals from a judgment which dismissed the within proceeding and remanded him to the custody of the Superintendent of the Auburn Correctional Facility. The contentions of error on this appeal are that the Parole Board violated due process in basing its decision to revoke parole on the testimony of witnesses who were not present at the hearing · for confrontation and cross-examination; that the letter announcing the board's decision did not state the reasons for the determination and the evidence supporting it; and that the conversion of the petition from a writ of habeas corpus to an article 78 proceeding unnecessarily delayed the hearing for six weeks and thus violated appellant's right to a speedy hearing. The respondents have moved for an order dismissing the appeal for mootness, because the appellant was recently paroled. Except for relator's claim that he was denied a speedy hearing, the issues raised by appellant in this appeal are not moot. In the event that his parole revocation is expunged, appellant would be eligible for an absolute discharge from parole on October 20, 1978 rather than on April 5, 1981, three years from the date of his recent release (see Correction Law, § 259-j [L 1977, ch 904, § 5]). Generally, the exercise of the discretionary power vested in a Parole Board to revoke a prisoner's parole cannot be reviewed by habeas corpus proceedings *(People ex rel. Perrello v Smith,* 47 AD2d 106, 109; see, also, CPLR 7002, subd [a]; 7003, subd [a]; see Carmody-Wait 2d, NY Prac, pp 330-333). An article 78 proceeding is the proper vehicle to review discretionary action by the Parole Board. However, when appellant claims that he has been deprived of a fundamental constitutional right, habeas corpus is an appropriate remedy to challenge his imprisonment *(People ex rel. Kellams v Henderson,* 58 AD2d 1022; *People ex rel. Warren v Mancusi,* 40 AD2d 279). Although the court below may have converted appellant's petition for habeas corpus to an article 78 proceeding, it is of no moment in view of the fact that the appellant was not denied his constitutional rights at the parole revocation hearing and that the Parole Board acted properly. The basis for revoking the appellant's parole was his alleged forcible entry into his wife's apartment and his subsequent assault on her. At the parole revocation hearing appellant's wife, her son and a parole officer gave testimony concerning

these charges. The parole officer testified that he had interviewed two employees of the apartment building where the alleged incident took place. Their statements are contained in the officer's report, which was introduced as evidence at the hearing. Appellant maintains that the absence of these employees denied him his right to confront and cross-examine adverse witnesses at the hearing, and that the board erred in partially basing its decision on the testimony of these witnesses. The information contained in the report attributable to these employees was of minor value, and its effect at the hearing could at best be described as "minimally corroborative". They were not witnesses to the " 'precise factual issue of the stated violation' " (*Matter of White v New York State Bd. of Parole*, 49 AD2d 908, 909), and their absence cannot be deemed a denial of the rights delineated by *Morrissey v Brewer* (408 US 471). Three material witnesses were available for confrontation and cross-examination at the hearing. If the relator felt that a cross-examination of these employees at the hearing would have been advantageous, then he should have subpoenaed them (7 NYCRR 1925:35 [i]). In its letter to the relator's attorney and the appellant, the board informed them of their determination and stated: "Although there was some discrepancy in the testimony of the witnesses, the panel believes that the entry and assault did take place". Stripped of detail, the sentence's meaning is clear: based on the testimony given at the parole revocation hearing, despite "some discrepancy" the board concluded that the relator had in fact forced entry into his wife's apartment and assaulted her. The forced entry and assault are the board's "reason[s] for the determination", and the testimony as a whole supplied "the evidence relied upon" (7 NYCRR 1925.35 [1]). The regulation does not require the board to support their determination with an outline of specific items of evidence. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Schnepp, JJ.