■ In the Matter of JOSE RAMIREZ, Appellant, v BENJAMIN WARD, as Commissioner of Department of Correctional Services, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered April 5, 1978 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a direction removing him from the list of central monitoring cases. The petitioner, an inmate at the Clinton Correctional Facility, was designated a central monitoring case by the Department of Correctional Services, pursuant to Department Directive No. 0701, because of his record involving convictions under Federal narcotic laws and New York State drug laws. Petitioner appealed this designation to the general counsel of the department, as provided in said directive, and, on January 10, 1978, the appeal was denied. He then sought an order to show cause to commence this proceeding and, on April 4, 1978, Special Term dismissed the petition stating: "A prisoner has no standing to choose the plan in which he is to be confined". The petition alleged that he was denied due process of law in that he was not given a notice of hearing prior to his being designated as a central monitoring case and generally alleges that as a result he will be housed in a maximum security environment, without any possibility of ever being considered for a less restricted setting or any programs which are available to other prisoners. The judgment should be affirmed. The Commissioner of Correction has the power to determine the correctional facility where a prisoner is to be confined, as well as the power to transfer a prisoner from one facility to another (Correction Law, § 23). He also has the power to determine what degree of supervision is required, whether for the protection of the prisoner or of the public. This is the purpose of this directive, and the directive adequately defines the circumstances to be considered in determining whether to classify a prisoner as a central monitoring case. Petitioner's allegation that he will forever be housed in a maximum security environment and will not be considered for programs available to other prisoners is purely a conclusion. A classification as a central monitoring case does not preclude participation in temporary release programs or transfer to a medium or low security institution, since such classification merely requires the approval of the central office before participation or transfer is granted. As to due process, once the classification is made the prisoner is given the opportunity to respond and object to the designation, orally or in writing, to the office of the Inspector General who is authorized to remove the designation if it is not appropriate under the criteria established by the directive. The prisoner is also required to be advised of his right to appeal to general counsel at the central office if the Inspector General does not change the designation (cf. *Matter of Amato v Ward*, 41 NY2d 469; *People ex rel. Falaq v Metz*, 63 AD2d 1088; *People ex rel. Cunningham v Metz*, 61 AD2d 590). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Larkin, JJ., concur.