In the Matter of RON JOHNSON, Respondent, v BENJAMIN WARD, as Commissioner of the Department of Correctional Services, Appellant.

Third Department, October 26, 1978

## APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (Frederick R. Walsh* and *Jean M. Coon* of counsel), for appellant.

*Lanny E. Walter* for respondent.

### OPINION OF THE COURT

MAIN, J.

On September 20, 1977 the petitioner was an inmate of Great Meadow Correctional Facility (hereafter Great Meadow) serving a term of imprisonment for robbery in the second degree and on that day was duly elected a representative to the prison's Inmate Grievance Resolution Committee (hereafter IGRC). Petitioner's term of office was for six months and he took office on October 1, 1977. Six days later petitioner was ordered transferred to the Green Haven Correctional Facility (hereafter Green Haven) and the commissioner concedes that the transfer was arbitrary and capricious. By verified petition and order to show cause dated November 23, 1977, petitioner sought his return to Great Meadow, restoration to his elected position on IGRC and restraint upon any future transfer during his term of office. After the denial of several preliminary motions an answer was interposed on December 30, 1977 which denied petitioner's right to avoid transfer because of his IGRC office and indicated that petitioner would be returned to Great Meadow but not to his seat on IGRC. With petitioner's reply were affidavits which expressed a willingness on the part of petitioner's successor, the alternate representative, to step down in favor of the petitioner.

On February 14, 1978, Special Term granted judgment reinstating petitioner on the IGRC and directing that a hearing be held prior to any transfer of the petitioner during the term of his elective office. It is this judgment, except that portion which provides for petitioner's transfer back to Great Meadow, from which this appeal was taken.

We conclude that Special Term erred in directing that the petitioner be reinstated to the IGRC for it was without authority to so provide and petitioner's resumption of membership on the committee would be dependent, under the circumstances prevailing here, upon the rules and regulations promulgated pursuant to the direction of section 139 of the Correction Law.

Inasmuch as the petitioner was returned to Great Meadow and his term of office has obviously expired, dismissal on the ground of mootness could well be considered. However, we choose to reject that course because there is here presented a question of general interest and substantial public impor-

tance which is very likely to recur *(Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, 376; *Matter of Amato v Ward,* 41 NY2d 469, 471; *Matter of Beattie v New York State Bd. of Parole,* 39 NY2d 445, 446-447; *People ex rel. Cunningham v Metz,* 61 AD2d 590, 591). The question presented is whether section 139 of the Correction Law confers any rights or privileges upon an inmate elected to the IGRC which limit the broad discretion granted to the Commissioner of Correction under subdivision 1 of section 23 of the Correction Law.

Section 23 of the Correction Law grants the Commissioner of Correction almost unbridled authority to transfer inmates from one facility to another within the system and under ordinary circumstances a mere transfer is purely an administrative matter, and a prisoner has no standing to choose the place in which he is to be confined *(People ex rel. Brown v Johnston,* 9 NY2d 482, 484; *Matter of Ramirez v Ward,* 64 AD2d 995; *People ex rel. Perrello v Smith,* 47 AD2d 106, 109; *People ex rel. Ceschini v Warden,* 30 AD2d 649). This general proposition or rule finds further support in the determination of the United States Supreme Court where it was held that under the law of New York a prisoner has no right to remain at any particular facility and no justifiable expectation that he would not be transferred unless found guilty of misconduct *(Montanye v Haymes,* 427 US 236, 243). However, that rule is not without some limitation. For example, in *People ex rel. Brown v Johnson (supra),* a prisoner jailed for rape and not found insane by the court was held improperly transferred to a facility used for the incarceration of the insane, absent a prior hearing on the inmate's sanity. Other limitations are found in *People ex rel. Ceschini v Warden (supra)* and *Matter of Barnett v Metz* (55 AD2d 997). These limitations are bottomed upon the principle that while the Commissioner of Correction has an abundance of discretion, a clear abuse is not within the lawful discretion accorded him by the Correction Law.

Section 139 of the Correction Law which provides for an inmate grievance process became law after the tragic events of September, 1971 at Attica. The clear purpose was to avoid a repetition of that tragedy and to provide a means to "fairly, simply and expeditiously" resolve prisoner grievances (Memorandum of State Executive Dept, 1975 McKinney's Sess Laws of NY, pp 1705-1706) and prisoner participation was obviously considered to be vital to the hoped for success of the legisla-

tion. These facts must be borne in mind in turning to the consideration of whether or not section 139 of the Correction Law provides any limitation upon the commissioner's discretion as granted under section 23 of the Correction Law.

We recognize the awesome responsibility of the commissioner, the severity of problems encountered and the necessity for his being able to act swiftly in the matters of transfer and without explanation or a hearing in some instances. However, we must conclude that section 139 imposes a limitation upon the exercise of his discretion to the extent that an inmate member of the IGRC may not be transferred without a prior hearing, the rules of which must embrace the protection provided for in *Wolff v McDonnell* (418 US 539) unless the member's presence or conduct at the institution or facility creates an emergency and transfer is immediately necessary to protect the facility or its personnel in which event the hearing on his transfer shall be held as soon as practicable at the receiving facility. While section 139 makes no specific mention of and confers no stated rights upon inmates serving on the IGRC, if we recall the reasons for its creation and its purpose, it may reasonably be concluded that the Legislature intended that an elected inmate serve his term of office at the facility where he was elected, unless his deportment is such that he forfeits his right to serve. As a committee member, he enjoys no rights or privileges superior to any other inmate, except that he has the privilege of remaining at that institution for so long as he serves in his elected capacity and abides by the institution's rules and regulations and may not be transferred without a prior hearing, absent any emergency.

The fact that the transfer did occur makes clear the necessity for the limitation upon the transfer of IGRC members which we impose here. Such restraint must be provided so that this legislation is given every chance to accomplish its purpose.

The judgment should be modified, on the law and the facts, by striking the first, third and fourth decretal paragraphs thereof and by substituting therefor the following paragraph: Pursuant to section 139 of the Correction Law, an inmate member of the Inmate Grievance Resolution Committee of one correctional facility may not be transferred from that facility to another facility without a prior hearing, the rules of which must comport with the standards enumerated in *Wolff v McDonnell* (418 US 539) unless the member's presence or

conduct at the institution or facility creates an emergency and transfer is immediately necessary to protect the facility or its personnel in which event the hearing on his transfer shall be held as soon as practicable at the receiving facility, and, as so modified, affirmed, without costs.

SWEENEY, J. P., STALEY, JR., LARKIN and MIKOLL, JJ., concur.

Judgment modified, on the law and the facts, by striking the first, third and fourth decretal paragraphs thereof and by substituting therefor the following paragraph: Pursuant to section 139 of the Correction Law, an inmate member of the Inmate Grievance Resolution Committee of one correctional facility may not be transferred from that facility to another facility without a prior hearing, the rules of which must comport with the standards enumerated in *Wolff v McDonnell* (418 US 539) unless the member's presence or conduct at the institution or facility creates an emergency and transfer is immediately necessary to protect the facility or its personnel in which event the hearing on his transfer shall be held as soon as practicable at the receiving facility, and, as so modified, affirmed, without costs.