■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORMAN WILLIAMS, Appellant, v BENJAMIN WARD, as Commissioner of Department of Correctional Services, et al., Respondents. In the Matter of NORMAN WILLIAMS, Appellant, v BENJAMIN WARD, as Commissioner of Department of Correctional Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review petitioner's designation as a central monitoring case by the Department of Correctional Services, he appeals from a judgment of the Supreme Court, Dutchess County, dated September 12, 1978, which dismissed his petition. Judgment affirmed, without costs or disbursements. The petitioner, an inmate at the Green Haven Correctional Facility, was designated a central monitoring case by the Department of Correctional Services, pursuant to Department Directive No. 0701. Petitioner was not informed in advance of the department's decision to so designate him, but he did seek review from the office of the Inspector General pursuant to said directive. Upon review, the Inspector General confirmed the designation as a central monitoring case. The reasons stated for such confirmation included the nature of his "present conviction and [his] extensive criminal history". On this appeal, petitioner argues that the decision of the Central Monitoring Committee (as confirmed by the Inspector General) was arbitrary and capricious; and, moreover, that the procedure by which he was designated a central monitoring case is unconstitutional in that it violated his fundamental rights to due process. The decision of the Central Monitoring Committee, as confirmed by the Inspector General, was not arbitrary nor capricious. Adequate and sufficient reasons were set forth in the Inspector General's decision to sustain the designation. While the essential facts and reasons for the action taken might have been better and more fully spelled out, the Inspector General's statement was a reasonable exercise of his discretion and afforded an opportunity for intelligent judicial review (cf. *Matter of Consilvio v New York State Bd. of Parole,* 57 AD2d 955; *Matter of Watkins v Caldwell,* 54 AD2d 42). Petitioner's claim that the designation procedure for central monitoring cases is unconstitutionally violative of due process rights is without merit. The basis of such claim is that the inmate is not afforded a hearing prior to his classification as a central monitoring case. In

*Wolff v McDonnell* (418 US 539) the United States Supreme Court recognized that procedural rules designated for free citizens in an open society cannot be automatically applied to proceedings within the confines of a State prison system. Thus, the court recognized (p 556) "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application". Although an inmate may be designated a central monitoring case without a prior hearing, the procedure set out in Department Directive No. 0701 provides for review of the Central Monitoring Committee's designation by the Inspector General. At such time, the inmate is given the opportunity to respond and object to his classification. Moreover, the directive provides for still further administrative review by the general counsel of the Department of Correctional Services if the Inspector General refuses to alter the designation. Under such circumstances, the inmate's due process rights are adequately protected and no impermissible violation of fundamental rights is effectuated (see *Matter of Ramirez v Ward,* 64 AD2d 995). Finally, we note that petitioner did not seek review before the office of the general counsel and therefore failed to exhaust his administrative remedies before bringing this article 78 proceeding. Under such circumstances, the petition was properly dismissed (see *Matter of La France v Ward,* 64 AD2d 989). Lazer, J. P., Mangano, Cohalan and O'Connor, JJ., concur.