■ In the Matter of RICHARD SEBASTIANO, Respondent, v DAVID R. HARRIS, as Superintendent of the Green Haven Correctional Facility, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered December 7, 1979 in Clinton County, which granted petition-

er's application, in a proceeding pursuant to CPLR article 78, for an order directing the respondents to transfer the petitioner back to the Green Haven Correctional Facility, where he would be allowed to run for re-election to the Inmate Liaison Committee. The Department of Correctional Services, in Directive No. 4002, ordered the superintendent of each and every correctional institution to establish an "Inmate Liaison Committee", which is to discuss and advise institutional officials on matters concerning the general welfare of the inmate population. Members are elected by secret ballot of the general inmate population and serve for six months. The directive provides in part that each committee is to be governed by a constitution and by-laws "approved by the Commissioner prior to becoming effective." The petitioner alleges that at one point in time he was the executive chairman of the committee at the Green Haven Correctional Facility and that on June 11, 1979 he was transferred to another facility. He alleges that the Green Haven by-laws provide that "no member of this committee shall be transferred from this facility because of his membership on the [committee]". Seeking his return to Green Haven, he makes the conclusory allegation that: "18. Upon information and belief, petitioner's transfer to Clinton was motivated as retaliation for his role during the correction officers strike, in his capacity as executive chairman of the ILC [committee], insuring efficient operation of the facility." It should be noted that attached to the petition is a copy of the Green Haven Committee constitution and by-laws, duly approved by the deputy commissioner. The answer filed by the Attorney-General denies that the petitioner had been transferred because of his committee membership. Special Term equated the present situation with that established in *Matter of Johnson v Ward* (64 AD2d 186), wherein this court found (p 189) that the *Legislature* in enacting section 139 of the Correction Law "intended that an elected inmate serve his term of office at the facility where he was elected [to a grievance committee], unless his deportment is such that he forfeits his right to serve." The present record does not disclose any basis for concluding that the directive contains an implict intent to preclude the general transfer of inmates otherwise elected to the committee of an institution. Indeed, the by-laws of the Green Haven Committee were amended in 1977 to recognize the possibilities of vacancies. Of course, the by-laws, as approved by the deputy commissioner, do clearly state that a committee member may not be transferred from Green Haven because of his membership; however, there is nothing to indicate that such an event occurred. Accordingly, Special Term erred in granting any relief to the petitioner in the absence of facts establishing a violation of the by-laws. Finally, there is nothing to show that the petitioner was transferred as a disciplinary matter, and there is a failure to show any "unusual circumstances" which would have reasonably established a restriction on the power of the commissioner to transfer inmates *(Matter of Johnson v Ward, supra,* p 188). The allegations of the petition are conclusory and contain no facts which would tend to establish that the transfer of petitioner was related to his membership on the committee, and the petition should have been dismissed. Judgment reversed, on the law, and petition dismissed, without costs. Kane, J. P., Staley, Jr., Casey and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to affirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. This matter should be remitted to Special Term for a determination as to whether the transfer of the petitioner was effected for administrative or disciplinary reasons. (See *Matter of Johnson v Ward,* 64 AD2d 186.) The petitioner raises a question of

■■■■■■■■■■■■■■■■

fact as to the reason for his transfer, which should be resolved by granting a hearing.