■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOWARD JACOBSON, by BENNETT EPSTEIN, Respondent, v WARDEN OF THE BROOKLYN HOUSE OF DETENTION, Appellant.—In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Kings County, dated August 6, 1980, which sustained the writ and directed the appellant to permit contact visits between the petitioner and one Audrey Barrett. Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed. The petitioner, presently detained at the Brooklyn House of Detention, instituted this habeas corpus proceeding to compel the appellant warden to permit him to have contact visits with one Audrey Barrett. The appellant had prohibited such visits on the ground that contact visits between the petitioner and Ms. Barrett would pose a threat to prison security since she had allegedly aided the petitioner in an earlier escape from the institution. No restrictions were placed on noncontact visits. Trial Term sustained the writ and directed the appellant to permit the petitioner to have contact visits with Ms. Barrett. We reverse. Subdivision (c) of section 10.8 of the Minimum Standards for New York City Correctional Facilities provides that where a warden considers contact visits to be a "serious threat to the safety or security of an institution" he may "deny, revoke or limit" such visits. Such regulations provide further that an administrative appeal is available to a prisoner who believes himself to be aggrieved by the warden's determination. We have been informed at oral argument that the petitioner has taken such an appeal and that the determination of the warden has been affirmed. Habeas corpus relief is generally available only to challenge an unlawful detention *(People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility,* 47 NY2d 779). It has been held to apply as well where the manner and circumstances of the detention are such as to extend beyond that which is authorized by the judgment and commitment order (see, e.g., *People ex rel. Brown v Johnston,* 9 NY2d 482; *People ex rel. Ceschini v Warden,* 30 AD2d 649; *People ex rel. Rockey v Krueger,* 62 Misc 2d 135). The complaint here, however, is addressed exclusively to a ruling of the warden, made pursuant to a regulation of the Board of Correction, restricting the manner in which one person may visit the petitioner. In our view, this limited restriction does not rise to a level cognizable in a habeas corpus proceeding. Moreover, were we to reach the merits of the petition, we would conclude that it was reasonable and proper for the warden to restrict the manner of visitation permitted between the petitioner and one who is believed to have been instrumental in assisting in his escape from confinement. Accordingly, the instant proceeding should be dismissed. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.