■ In the Matter of ROBERT COLE, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. — Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In June, 1978, while incarcerated at Auburn Correctional Facility, disciplinary proceedings were brought against petitioner. After a superintendent's hearing, these charges were dismissed and the Correction Department agreed to expunge this incident from petitioner's records. Discovering that expungement had not taken place, petitioner commenced a CPLR article 78 proceeding in September, 1978, seeking the relief that the department had earlier promised. On the return date of the petition

the court dismissed the proceedings on the assurance of the Attorney-General that references to petitioner's disciplinary proceeding had, in fact, been expunged from his records. Apparently petitioner's records were not sanitized as promised. In May, 1979 the Department of Correction approved a transfer of petitioner to Eastern Correctional Facility where he enrolled as a student at Ulster Community College, having received various tuition grants. However, before the educational semester ended, the Commissioner of Correction transferred petitioner to Attica "because of his record of negative behavior prior to Eastern placement", a reference to the June, 1978 incident. In March, 1980 petitioner brought another article 78 proceeding seeking to have the 1978 incident expunged from his records and a transfer back to Eastern. The court declared the expungement portion of the proceeding moot, noting that such had been done and denied petitioner's request for a transfer. Unfortunately, the incident of which petitioner complains had not been expunged, which precipitated yet another article 78 proceeding seeking expungement, transfer to Eastern and reimbursement of various moneys lost because of his transfer from Eastern to Attica. In this proceeding Special Term monitored the expungement of the June, 1978 incident from petitioner's records but refused to grant the other relief sought. Petitioner appeals from the denial of this other relief. Section 23 of the Correction Law gives the Commissioner of Correction "almost unbridled authority to transfer inmates from one facility to another" *(Matter of Johnson v Ward,* 64 AD2d 186, 188). In general, a prisoner has "no right to remain at any particular prison facility and no justifiable expectation that he would not be transferred unless found guilty of misconduct" *(Montanye v Haymes,* 427 US 236, 243). Since the commissioner had the unquestioned authority to transfer petitioner without providing any reasons for doing so, the question then becomes one of whether he exceeded this authority by giving a reason which was unjustified. Since the transfer issue in this case does not fall within the area of those limited situations where judicial interference has been warranted (see *People ex rel. Brown v Johnston,* 9 NY2d 482; *Matter of Johnson v Ward, supra; Matter of Barnett v Metz,* 55 AD2d 997; *People ex rel. Ceschini v Warden,* 30 AD2d 649) the question must be answered in the negative. We must assume that, in ordering petitioner's transfer from Eastern to Attica, the commissioner was acting in good faith and that the tainted references in petitioner's files were there through no fault of the commissioner, in spite of petitioner's repeated efforts to have such matters expunged. Even though the commissioner "volunteered" a reason for petitioner's transfer from Eastern, it would require sheer speculation to assume that the transfer would not have been made in any event, without reasons being expressed. However, in view of the uneven history of this case wherein petitioner had repeatedly been assured by prison and correction personnel and the courts that the objected-to matters had been expunged from his files, as a matter of discretion and in the interests of justice we remit the matter to the Commissioner of Correction for reconsideration of his transfer order, with the June, 1978 incident deleted from petitioner's records. We have considered the remaining issues raised by petitioner on this appeal and find them to be without merit. (Appeal from judgment of Wyoming Supreme Court, Conable, J. — art 78.) Present — Dillon, P. J., Hancock, Jr., Doerr, Denman and Moule, JJ.