■ In the Matter of WILLIAM A. GRATTAN, as Commissioner of Health of the Albany County Health Department, Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Respondent. — Appeal from that part of an order of the County Court of Albany County (Harris, J.), entered June 8, 1983, which denied petitioner's motion pursuant to CPLR 2304 to quash a subpoena duces tecum. ¶ The subpoena duces tecum at issue directed petitioner to produce for the Albany County Grand Jury all records held by the County Health Department Bureau of Sexually Transmissible Diseases concerning two individuals, one of whom was Tamara S. Brodhead. Brodhead provided petitioner with written authorization to produce her records. Over petitioner's objection, County Court upheld the subpoena insofar as it applied to Brodhead's records but quashed it insofar as it applied to the other individual's records. ¶ On this appeal, petitioner argues that, pursuant to section 2306 of the Public Health Law, he is statutorily prohibited from producing Brodhead's records. We disagree. The purpose of section 2306 of the Public Health Law is to encourage sufferers of sexually transmissible diseases to report their conditions so that they and their partners can receive medical attention and thus contain the spread of the disease. The benefit of this statutorily created confidentiality belongs to the disease sufferer and not to a local board of health or health officer. Accordingly, a sufferer can waive the benefit conferred by the statute. It has long been recognized that waiver of statutory rights is an acceptable practice so long as it is done intelligently and voluntarily and does not violate public policy (*Matter of Abramovich v Board of Educ.,* 62 AD2d 252, 254-255, affd 46 NY2d 450). It should be noted that Brodhead was 16 years of age at the time she executed the waiver. No issue has been raised concerning her age and her ability to comprehend the nature of the instrument she signed. Consequently, we assume that the Judge who signed the subpoena satisfied himself that the infant was fully competent to waive her right to confidentiality. ¶ Public policy will not be violated by disclosure in this case. There is no reason to believe that a person who is willing to waive the confidentiality provided by the statute would be deterred from seeking the assistance of the local health department. ¶ Because the Grand Jury has now been disbanded, dismissal on the ground of mootness could be considered. However, we choose to reject that course of action because a question of public importance has been raised which is very likely to recur (see *Matter of Johnson v Ward,* 64 AD2d 186). ¶ Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.