■ In the Matter of THOMAS L. GREGG, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination denying petitioner's request for a transfer from Green Haven to Ossining Correctional Facility, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated October 20, 1982, which, after a hearing, *inter alia,* dismissed the petition.

Judgment affirmed, without costs or disbursements.

Petitioner, an inmate at Green Haven Correctional Facility, on three occasions applied unsuccessfully for a transfer to Ossining Correctional Facility. The first request was made sometime in 1981, and, by written notice dated September 7, 1981, petitioner was informed that his transfer request had been denied on June 15, 1981. On March 26, 1982, petitioner's second request for a transfer was likewise denied. By letter dated July 13, 1982, Deputy Commissioner Marion L. Boram responded to petitioner's third request for a transfer stating "You should proceed to request another transfer through you [*sic*] counselor". On August 13, 1982, petitioner's third request was denied, and by notice of petition dated September 3, 1982, petitioner commenced the instant CPLR article 78 proceeding.

Under the particular facts and circumstances presented herein we find that there is no merit to respondent's contention that the instant proceeding is time barred because it was not commenced within four months from the time petitioner's initial 1981 request for a transfer was denied. In view of the Deputy

Commissioner's suggestion that petitioner "request another transfer" through his counselor, we conclude that this case is distinguishable from those relied upon by respondent which deal with mere reapplications for the same relief and do not serve to extend the Statute of Limitations (*cf. Mattér of Williamson v Fermoile,* 31 AD2d 438, 441, *affd* 26 NY2d 731; *Matter of Qualey v Shang,* 70 AD2d 619, 621).

However, based upon the record, we find no evidence to support petitioner's contention that respondent improperly denied his application for a transfer to a reduced-security setting at Ossining Correctional Facility. Petitioner's present confinement at Green Haven Correctional Facility is based upon a judgment of the Supreme Court, Queens County, rendered November 15, 1979, convicting him, upon a jury verdict, of sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree and sentencing him as a predicate felon. In the past he absconded from Alabama authorities in connection with a previous conviction. These uncontroverted facts constitute a rational basis for respondent's repeated refusal to grant petitioner's requests for a transfer to a reduced-security correctional facility. Moreover, petitioner has no right to select the facility where he may be confined. The decision to transfer petitioner from one facility to another lies within the discretion of the Commissioner of Corrections, and under the circumstances presented herein the determination is not subject to judicial intervention (*see, Montanye v Haymes,* 427 US 236, 242; *Matter of Allegretti v Coughlin,* 81 AD2d 958; *cf. Matter of Johnson v Ward,* 64 AD2d 186). Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.