■ In the Matter of SAMMY NALO, Appellant, v JAMES E. SULLIVAN, Respondent.—In a proceeding pursuant to CPLR article 78: (1) to compel the Superintendent of the Ossining Correctional Facility and the New York State Department of Correctional Services (a) to expunge from the petitioner's institutional record and all confidential records of the New York Department of Correctional Services all references to the petitioner as a member of organized crime or as an escape risk, and (b) to turn over for the petitioner's inspection all records in his file referring to him as a member of organized crime or an escape risk, and all documents on which the New York Department of Correctional Services based its determination that the petitioner is an escape risk, and (2) to review the Department's administrative determination of October 23, 1983, denying the petitioner outside clearance as an escape risk, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered April 10, 1986, which denied the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

We have inspected the documents in the petitioner's file based upon which the respondent determined that he was an escape risk, and agree with the determination of the Supreme Court, Westchester County, that these materials were fully exempted from disclosure under the Freedom of Information Law (Public Officers Law art 6). All of these documents were interagency or intra-agency materials exempted under Public Officers Law § 87 (2) (g) and some were materials the disclosure of which could endanger the lives or safety of certain individuals, and thus were exempted under Public Officers Law § 87 (2) (f). The failure of the respondents and the Supreme Court, Westchester County, to disclose the underlying facts contained in these documents so as to establish that they did in fact fall " 'squarely within the ambit of [the] statutory exemptions' " *(Matter of Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75, 83; *Matter of Fink v Lefkowitz,* 47 NY2d 567, 571), did not constitute error. To make such disclosure would effectively subvert the purpose of these statutory exemptions which is to preserve the confidentiality of this information. The Supreme Court, Westchester County, proceeded properly by inspecting these materials in camera and assuring that they were in fact exempt *(see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., supra,* at p 83).

Further, it is clear that Special Term was correct in holding that review of the October 23, 1983 determination denying the petitioner "outside clearance" was time barred under the four-month Statute of Limitations of CPLR 217. Special Term also correctly held that there was a rational basis for the continued denial of "outside clearance" to the petitioner on the ground that he is an escape risk *(cf. Matter of Gregg v Scully,* 108 AD2d 748, 749; *People ex rel. Williams v Ward,* 73 AD2d 941).

We have reviewed the petitioner's other contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.