THIRD DEPARTMENT, JUNE, 1987

(June 4, 1987)

■ In the Matter of RONALD INMAN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Kane, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered April 21, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

While an inmate at Eastern Correctional Facility, petitioner was charged with various rule violations between February 9, 1981 and March 16, 1981. Following a hearing apparently held on March 21, 1981, petitioner was found guilty of certain charges. Petitioner contested the disposition of the Superintendant's proceeding and, by order dated January 7, 1982, Supreme Court annulled the determination of guilt and ordered respondents to "expunge all entries of the Superintendent's Proceeding held for Petitioner on March 21, 1981 and the resulting disposition therefrom".

In January 1986, petitioner commenced the instant CPLR article 78 proceeding. In this proceeding, petitioner alleged that the order of expungement had not been complied with since respondent Commissioner of Correctional Services had not expunged from petitioner's records all references to the Superintendent's proceeding and, as a retaliatory measure, had transferred petitioner away from Eastern so as to preclude his participation in an educational program in which he was enrolled. Petitioner also sought the return of personal property.

In due course and upon respondents' motion, Supreme Court dismissed the petition on the ground that petitioner's records had been expunged and, accordingly, petitioner's request for expungement was moot. Additionally, the court held that petitioner submitted no facts or evidence regarding the loss of personal property and the request for return of the same was dismissed. Finally, Supreme Court refused to disturb the determination to transfer petitioner. This appeal ensued.

After reviewing petitioner's institutional records submitted to this court, we must conclude that Supreme Court's order of expungement has not been fully complied with. These records reveal numerous references to the charges underlying the Superintendent's proceeding. Since expungement should serve the purpose of restoring petitioner to the status he enjoyed prior to the commencement of the Superintendent's proceeding, compliance with the expungement order requires that all references to the proceeding, the disposition and the underlying charges must be vacated from petitioner's record. We note that the entries pertaining to formal charges are part and parcel of the Superintendent's proceeding *(see,* 7 NYCRR 254.3, 251-5.1).

Turning to the issue of petitioner's transfer, we find that petitioner has shown no circumstances meriting this court's interference with the broad discretion of the Commissioner to transfer inmates among correctional facilities *(see, Matter of Gregg v Scully,* 108 AD2d 748, *lv denied* 65 NY2d 601; *Matter of Sebastiano v Harris,* 76 AD2d 1004, *affd* 54 NY2d 1014). Finally, we note that petitioner wholly fails to substantiate his claim for the return of personal property.

Judgment modified, on the law, by reversing so much thereof as dismissed as moot petitioner's request for enforcement of the expungement order; petitioner's request for an order directing expungement from his record of all formal charges underlying the Superintendent's proceeding of March 21, 1981, as well as any and all references to said hearing and disposition, granted; and, as so modified, affirmed. Mahoney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.