■ In the Matter of Town of Oyster Bay, Appellant, v Henry G. Williams et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review the denial by the respondents of access to certain documents, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated July 1, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The New York State Freedom of Information Law (Public Officers Law § 85 *et seq.)* requires disclosure of the documents of a public agency unless that agency can convincingly demonstrate that the documents fall squarely within one of the specific exemptions which are set forth in the statute. To this end, Public Officers Law § 87 (2) (g) provides:

"2. Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * *

"(g) are inter-agency or intra-agency materials which are not:

"i. statistical or factual tabulations or data;

"ii. instructions to staff that affect the public [or]

"iii. final agency policy or determinations".

The purpose of the exemption under Public Officers Law § 87 (2) (g) is "to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers" *(see, Matter of Sea Crest Constr. Corp. v Stubing,* 82 AD2d 546, 549).

In the case at bar, after an in camera inspection of the documents in issue, we conclude that these records fall squarely within the protection of Public Officers Law § 87 (2) (g), insofar as they consist only of opinions, advice, evaluations, deliberations, proposals, policy formulations, conclusions, or recommendations (see, National Labor Relations Bd. v Sears, Roebuck & Co., 421 US 132). Accordingly, these documents are exempt from public access, as government agency deliberative functions would certainly be hindered by the disclosure of such subjective matter (see, Matter of McAulay v Board of Educ., 61 AD2d 1048, affd 48 NY2d 659; Ryan v Department of Justice, 617 F2d 781). Moreover, with respect to the documents identified as F-6(1) and F-6(2), we conclude that these are attorney-client communications, and, as such, are exempt from disclosure pursuant to CPLR 4503 (a) (see, Matter of Grand Jury Subpoena [Bekins Record Stor. Co.], 62 NY2d 324). Mangano, J. P., Thompson, Lawrence and Harwood, JJ., concur.