■ In the Matter of ROWLAND D., Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the Department of Correctional Services to permit the petitioner to examine unredacted copies of five program security and assessment summary forms, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered April 27, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner seeks disclosure of unredacted portions of five program security and assessment summary forms, prepared semiannually or upon the transfer of an inmate from one facility to another, which contain information to assist the respondents in determining the placement of the inmate in the most appropriate facility. The respondents claim that these documents are exempted from disclosure under the intraagency memorandum exemption contained in the Freedom of Information Law (Public Officers Law § 87 [2] [g]). We have examined in camera unredacted copies of the documents at issue *(see, Matter of Nalo v Sullivan,* 125 AD2d 311; *see also, Matter of Allen Group v New York State Dept. of Motor Vehicles,* 147 AD2d 856), and find that they are exempted as intraagency material, inasmuch as they contain predecisional evaluations, recommendations and conclusions concerning the petitioner's conduct in prison *(see, Matter of Kheel v Ravitch,* 62 NY2d 1; *Matter of Town of Oyster Bay v Williams,* 134 AD2d 267).

We reject the petitioner's further claim that he is entitled to examine those documents pursuant to 7 NYCRR 5.50 in order to challenge the accuracy of material contained therein. We construe that regulation as permitting a challenge to the accuracy of only two types of records, namely, records relating to the inmate's "correctional supervision history" or his "personal history", and determine that the documents at issue do not contain such information as defined in 7 NYCRR 5.50. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.