■ In the Matter of LENNY J. FRIDELLA, Appellant-Respondent, v THOMAS A. COUGHLIN III, as Commissioner of the Department of Correctional Services, et al., Respondents-Appellants.—Yesawich Jr., J. Cross appeals from a judgment of the Supreme Court (Connor, J.), entered October 16, 1990 in

Ulster County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing petitioner, a prisoner at Wallkill Correctional Facility, a medium security facility in Ulster County, was found guilty of violating inmate rule 113.12 prohibiting the use of controlled substances. He was thereafter transferred to a maximum security facility where he apparently served the confinement aspects of the penalty imposed, 60 days in special housing unit. Following a transfer to Ogdensburg, a medium security facility, he was then transferred to Oneida Correctional Facility in Oneida County, yet another medium security facility, where he is currently located.

Petitioner commenced this CPLR article 78 proceeding challenging the tier III determination which had been affirmed on administrative appeal. Supreme Court concluded that a proper foundation had not been laid for introducing into evidence what was purported to be petitioner's urine specimen. Because the specimen was destroyed and a remittal for a new hearing was therefore not possible, the court ordered petitioner restored to the "status he enjoyed prior to the subject * * * Hearing" and expunction from petitioner's institutional records of all references to the hearing and the underlying misbehavior report. The meaning of the court's order, insofar as it directs restoration of petitioner to his prior status, prompts petitioner's appeal and respondents' cross appeal.

Petitioner, appearing *pro se,* maintains that he is entitled to be returned to Wallkill and to be afforded the same housing and programming he previously enjoyed there; he was both a music tutor and a college music student at the time. Parenthetically, we note that monetary damages which are also sought by petitioner are not recoverable in this proceeding *(see, Matter of Sabo v Racette,* 124 AD2d 920, 921). It is respondents' contention that petitioner has no right to be confined to a particular facility and, hence, the order should be modified by deleting the provision directing restoration to prior status.

Inasmuch as respondent Commissioner of Correctional Services has virtually "unbridled authority to transfer inmates from one facility to another within the system" *(Matter of Johnson v Ward,* 64 AD2d 186, 188) and there is no indication in the record that he acted other than in good faith in

ordering petitioner's transfer from Wallkill *(cf., Newkirk v Butler,* 364 F Supp 497, 503-504, *mod* 499 F2d 1214, *cert granted sub nom. Preiser v Newkirk,* 419 US 894, *judgment vacated* 422 US 395), petitioner has no statutory, constitutional or precedential right to his prior housing or programming *(see, Matter of Sabo v Racette, supra).* The fact, however, that respondents do not challenge Supreme Court's annulment of the tier III determination, coupled with an examination of petitioner's prison record, leads us, in the interest of justice and fairness, to remit this matter to the Commissioner for further consideration of petitioner's request that he be returned to Wallkill *(see, Matter of Cole v Smith,* 84 AD2d 942, 943). His prison record, covering 5½ years of confinement, is apparently unblemished and, significantly, he has made substantial strides toward rehabilitation there. At Wallkill, which allegedly is the only facility where petitioner can earn his degree in music, his planned livelihood upon his release from prison, he has been a straight A student at Ulster County Community College with but one semester to complete before attaining that degree.

Mahoney, P. J., Weiss, Levine and Mercure, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as requires respondents to "restor[e] petitioner to the status he enjoyed prior to the subject Superintendent's Hearing"; matter remitted to respondent Commissioner of Correctional Services for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.