In the Matter of STATE OF NEW YORK, Appellant, v CARMELO M., Respondent. [901 NYS2d 648]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Carmelo M., an alleged sex offender requiring civil management, the State of New York appeals, by permission, from an order of the Supreme Court, Kings County (Dowling, J.), dated October 15, 2009, which granted Carmelo M.'s motion to transfer from St. Lawrence Psychiatric Center to Central New York Psychiatric Center in order to facilitate the attendance of his counsel at his psychiatric examination pursuant to Mental Hygiene Law § 10.06 (d).

Ordered that the order is reversed, on the law, without costs or disbursements, and Carmelo M.'s motion to transfer from St. Lawrence Psychiatric Center to Central New York Psychiatric Center in order to facilitate the attendance of his counsel at his psychiatric examination pursuant to Mental Hygiene Law § 10.06 (d) is denied.

The Supreme Court determined that there was probable cause to believe that the respondent, Carmelo M., is a sex offender requiring civil management in accordance with Mental Hygiene Law § 10.06 (k). Thereafter, the Supreme Court directed the transfer of the respondent to a secure treatment facility designated by the Commissioner of Mental Health upon his release from the correctional facility housing him. The Office of Mental Health transferred the respondent to St. Lawrence Psychiatric Center. The respondent moved for a transfer from St. Lawrence Psychiatric Center to Central New York Psychiatric Center at the time he was to undergo a Mental Hygiene Law § 10.06 (d) psychiatric examination on the ground that the distance his counsel would have to travel to attend the examination at St. Lawrence Psychiatric Center was so onerous as to "seriously hinder" counsel's ability "to effectively represent him." The Supreme Court granted the respondent's motion. We reverse.

The placement of the respondent at St. Lawrence Psychiatric Center, and the decision as to whether he should be transferred to another secure treatment facility, are matters committed to the Office of Mental Health (see Mental Hygiene Law § 10.06 [k]; see generally People v Purley, 297 AD2d 499 [2002]; Matter of Cole v Smith, 84 AD2d 942 [1981]). We cannot conclude that the distance the respondent's counsel would have to travel to attend the respondent's psychiatric examination at St. Lawrence Psychiatric Center is so onerous as to "seriously hinder" counsel's ability "to effectively represent him." Accordingly, the Supreme Court should have denied the respondent's motion. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.