■ In the Matter of ALBERT E. MCFERRAN, JR., Appellant, v BOARD OF EDUCATION, ENLARGED CITY SCHOOL DISTRICT OF TROY, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term entered October 20, 1976 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78. On January 8, 1975, McFerran, a tenured teacher, was suspended indefinitely by the Superintendent of the Enlarged City School District of Troy because of alleged misconduct (see Education Law, § 2508, subd 5). The respondent board continued the suspension and ordered McFerran to submit to an examination to determine his physical and mental fitness for duty (Education Law, § 913). There is some question whether the teacher co-operated with the examining doctor, who, in any event, made a report doubting his fitness. On May 5, 1975 the board formally charged McFerran with incompetence, mental disability, insubordination and conduct unbecoming a teacher pursuant to the procedure for disciplining tenured teachers (Education Law, § 3020-a). The suspension was continued pending a hearing on the charges. On May 28, 1975 McFerran commenced an action in Federal District Court to have section 3020-a of the Education Law declared unconstitutional and to be reinstated as a teacher. In June, the section 3020-a hearing began and, after various adjournments, culminated on July 11 in a settlement agreement whereby McFerran, upon the advice of legal counsel, agreed to discontinue the Federal court action, grant general releases to the board of education and all officers of the school district, submit to a psychiatric evaluation, and to remain on sick leave pending the outcome of the evaluation. In exchange, the board promised to fully reinstate McFerran upon a psychiatric evaluation of fitness. The evaluation was not carried out, and McFerran reasserted the Federal action. The District Court, by order and memorandum decision dated February 26, 1976, dismissed the complaint on the basis of McFerran's July 11, 1975 agreement to discontinue, despite McFerran's contention before the Federal court that the agreement was invalid. The District Court decision was appealed on March 16, 1976 and was pending determination by the Second Circuit when the motion to dismiss the instant action was made before Special Term. On April 30, 1976 McFerran brought an action in State Supreme Court alleging he had been illegally suspended by the superintendent on January 8, 1975, that the board's May 5, 1975 charges were illegally brought, that since 1963 he had been underpaid for his summer school work

and denied proper longevity increments, that since 1971 the board had attempted to solve these disputes through improper grievance procedures, and that as of April 23, 1976 his sick pay (which he had been receiving during his suspension) had been improperly reduced. This April 30, 1976 Supreme Court action was dismissed by order dated July 2, 1976 on the ground that McFerran, by the terms of the July 11, 1975 settlement agreement, had released the defendants and that the validity of the agreement was pending determination in the Federal action (see CPLR 3211, subd [a], par 4). No appeal was taken from the July 2 order. McFerran brought this action on July 21, 1976. He reiterates the illegal suspension and underpayment allegations of the April 30 action and adds only the assertion that the settlement agreement was invalid. The question presented is what *res judicata* or collateral estoppel effect the judgment in the Federal action* has on the action herein. If the July 11, 1975 settlement agreement is valid, it bars this action. McFerran agreed to release the board and all other named respondents herein from any claims "past, present or future which [he] may have against [respondents] arising from any matter, cause of *[sic]* thing directly or indirectly related to the pending 3020-a proceedings * * * or directly or indirectly related to any of [his] appeals to the Commissioner of Education". This agreement was the grounds for the dismissal of the Federal action. McFerran's affidavit in opposition to respondents' motion to dismiss that action attacked the validity of the agreement on myriad grounds, including that his legal counsel was incompetent, the agreement lacked consideration to him, and the board was legally incompetent to enter into it. Applying the law of New York, the Federal court expressly rejected these attacks, upheld the agreement, and dismissed the action. McFerran is estopped from again challenging the validity of the agreement on the same grounds actually litigated in the Federal action (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.25), and he raises no new reason sufficient in law why this court should not enforce the agreement against him. Specifically, he does not allege, either in his petition or affidavits in opposition to the respondents' motion to dismiss, that respondents breached any of their obligations under the agreement. From all that appears, the settlement terms were never carried out because McFerran refused to submit to the psychiatric examination which, pursuant to the settlement agreement, was to determine his ability to resume his teaching position. Judgment modified, on the law, so as to provide that the dismissal of the petition is with prejudice, and, as so modified, affirmed, with one bill of costs to respondents filing briefs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

---

* The dismissal of the first Supreme Court action was not expressly on the merits, and therefore *res judicata* principles do not necessarily bar recommencement of the same cause (CPLR 5013; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5013.01). The action was dismissed on the ground the Federal action then pending constituted "another action pending between the same parties for the same cause of action in a court of any state or the United States" (CPLR 3211, subd [a] par 4). The Second Circuit, by order dated June 2, 1977, has affirmed the District Court. Since there is no longer a pending Federal action, the question of whether this second Supreme Court action should be dismissed pursuant to CPLR 3211 is moot (see 10 Carmody-Wait 2d, NY Prac, § 70:283).