■ In the Matter of ALBERT E. MCFERRAN, Appellant, v BOARD OF EDUCATION, ENLARGED CITY SCHOOL DISTRICT OF TROY, Respondent.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Bradley, J.), entered May 1, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition on the ground of res judicata.

The many and varied attempts of petitioner to challenge his suspension from a tenured teaching position with respondent in 1975 are set forth in his prior appeal to this court (Matter of McFerran v Board of Educ., 58 AD2d 917, affd 45 NY2d 729, cert denied 440 US 923). Previously, we modified Special Term's judgment to provide that dismissal of the petition was with prejudice.

In this proceeding, which was likewise dismissed at Special Term, petitioner seeks review of what he characterizes as his "new claim". This new claim contends that Education Law § 2508 (5) is inapplicable to tenured teachers and, therefore, petitioner's initial suspension was void ab initio, entitling him to immediate reinstatement.

Under this State's transactional analysis approach to the doctrine of res judicata, the relevant inquiry is not whether a specific theory was asserted in prior litigation, but whether such theory could have been raised in the prior litigation arising out of a single transaction (Smith v Russell Sage Coll., 54 NY2d 185; O'Brien v City of Syracuse, 54 NY2d 353; Hyman v Hillelson, 79 AD2d 725, affd 55 NY2d 624). Inasmuch as petitioner's argument was viable at the time of his prior proceeding, it is barred by the doctrine of res judicata regardless of whether he actually raised it. Accordingly, the judgment of Special Term should be affirmed.

Judgment affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.