OPINION OF THE COURT
Lawrence E. Kahn, J.
By order to show cause dated January 19, 1988, this CPLR *831 article 78 proceeding was commenced seeking relief pursuant to section 97 (1) of the Public Officers Law, CPLR 7803 (2) and 6311. It seeks to restrain the respondents from publicly revealing the contents of any files prepared by the New York State Board of Elections in its investigation of the 1985 general election campaign in the Town of Poughkeepsie, Dutchess County, New York, for use at a public hearing convened by respondent, New York State Commission on Government Integrity. Petitioners further seek an in camera inspection of any such investigatory file for the purpose of deleting any personal extraneous references which might be contained therein.
After hearing all parties, the Honorable Edward S. Conway, Justice, Supreme Court, temporarily restrained respondents from making public disclosure of the contested investigative file, with said restraining order to continue until January 22, 1988, the return date of the underlying article 78 proceeding. On the return date, this court continued Justice Conway’s order until a determination on the merits. By correspondence dated January 29, 1988, this court determined that both the New York State Commission on Government Integrity (Commission) and the New York State Board of Elections (State Board) were in default in the underlying article 78 proceeding, in that they had submitted only attorney’s affidavits and neither answered nor moved to dismiss. The court, in its discretion, granted additional time for submission of answers until February 1, 1988. Issue has now been joined, thus enabling the court to address the merits of the application.
Initially, the Attorney-General, named as a further respondent, has moved to dismiss upon the objection that he is not a proper party respondent hereto, and further that the petition fails to state any ground for relief against him.
The motion to dismiss shall be granted. Reviewing the submissions before the court, it is evident that there is no independent relationship between the activities of the Commission and the Attorney-General, which would form the basis of relief vis-á-vis petitioners. The Attorney-General has merely complied with the request of the Governor to invoke the investigative powers authorized by section 63 of the Executive Law, and has appointed a Deputy Attorney-General with delegated powers to enable the Commission to exercise the investigative functions contained in the aforesaid provision of the Executive Law.
*832 Any resolution of the question of petitioners’ right to a preliminary injunction is inexorably entwined in the merits of the controversy. A resolution of the question of petitioners’ entitlement to injunctive relief, or relief in the nature of prohibition, of necessity will dispose of the underlying issues on the merits.
On April 21, 1987, Governor Mario Cuomo issued Executive Order No. 88.1 which created the Commission on Government Integrity (Commission). It was empowered with the broadest of mandates, being directed to investigate "weaknesses in existing laws, regulations and procedures relating to government integrity.” Indeed, the breadth of its potential avenues of inquiry is so expansive as to perhaps be incapable of definition. In any event, it purports to derive its viability from two separate and distinct provisions of the Executive Law. Section 6 thereof, commonly known as the Moreland Act, authorizes the Governor to appoint individuals to investigate the management and affairs of any State department, board, bureau or commission. Its authority to afford public access to its proceedings has long been recognized (see, 1957 Opns Atty Gen 264). Executive Law § 63 (8) provides a separate and distinct vehicle to inquire "into matters concerning the public peace, public safety and public justice.” Thereby, the Attorney-General is given the authority to conduct such inquiries either with the approval or at the direction of the Governor. In the case at bar, the Executive Order directs the Attorney-General to appoint one of the Commissioners as a Deputy Attorney-General to enable the Commission to invoke the jurisdictional parameters of both sections of the statute. As aforesaid, it is without doubt that the Governor’s intent is to provide this Commission with all of the investigative flexibility and muscle which he has at his disposal.
The facts which give rise to this proceeding may be succinctly stated. The Building a Better New York Committee (Committee) is a political entity which filed a statement of organization and various financial disclosure statements with the State Board. Thomas J. Spargo is the secretary of the Committee. The Committee actively participated in the electoral process in the 1985 general election campaign in the Town of Poughkeepsie, Dutchess County, New York. The State Board subsequently conducted an investigation of the activities of the Committee with respect to the town election. By unanimous vote, the State Board determined that no violations of the Election Law had occurred which warranted *833 criminal prosecution. Subsequently, the Commission has independently determined that it should focus its attention on the activities of the Committee during the aforesaid election. Its investigation also appears to be focusing on the subsequent activities of the State Board, as a separate and distinct area of inquiry. In furtherance of public hearings which it is in the process of conducting, the Commission served subpoenas ad testificandum on various individuals who purportedly have knowledge of the Poughkeepsie elections or of the State Board’s investigation. It appears from the submissions that prior to the issuance of these subpoenas and the announcement of the public hearings, the State Board had already turned over all of its files concerning the investigation to the Commission. Petitioner Spargo objects to the public disclosure or discussion of any of the records which are a part of the State Board investigation, and requests an in camera examination of the documents at issue. He premises his right to relief upon article 6-A of the Public Officers Law, commonly known as the Personal Privacy Protection Law (PPPL).
The Commission has raised various objections in point of law, including an objection that the Committee is not a natural person, and, as such, the protections afforded by the PPPL are inapplicable to it. This argument is well founded. Section 97 (1) of the Public Officers Law provides that any "data subject” may commence an article 78 proceeding to seek judicial review of a purported violation of the PPPL. Data subject is defined by section 92 to be any natural person. Accordingly, the Committee has no statutory standing to object to disclosure of the State Board’s investigatory file.
Section 95 of the statute establishes the procedure whereby an individual may gain access to records maintained by a State agency. Subdivision (7) of that section provides that it shall not apply to "public safety agency records.” That term is defined, in pertinent part, to mean "a record of * * * any agency or component thereof whose primary function is the enforcement of civil or criminal statutes if such record pertains to investigation, law enforcement”. (Public Officers Law § 92 [8].) An analysis of the records which are the subject of the instant proceeding establishes that they fall squarely within the definition of a public safety agency record, and, as such, are not available to petitioner for inspection, regardless of the status of the Commission’s investigation. Pursuant to Election Law § 3-104, the files were compiled directly through investigative action designed to determine if any criminal *834 activity had occurred. The provisions of the PPPL relating to an individual’s right to access to agency records are not available in this instance.
While the State Board may have no obligation to afford access to petitioner, a separate and distinct issue, still remaining, is whether it may disclose its investigatory file to the Commission, regardless of the Commission’s intentions concerning a public or private review of the specific information contained therein. The litigants have focused on section 96 (1) (k) which provides that
"[n]o agency may disclose any record or personal information unless such disclosure is * * *
"to any person pursuant to a court ordered subpoena or other compulsory legal process”.
Herein, there has been no court sanction prior to issuance of the subpoenas at issue. The Commission urges that the court interpret the phrase "or other compulsory legal process” to include therein any subpoena which it may issue. This argument must fail. Were the court to adopt such an interpretation, the previous phrase "court ordered” would become meaningless. Pursuant to the rules of statutory construction, such a result is unavailing.
Regardless of the above, authority for transfer of the files to the Commission is found in section 96 (1) (n), which authorizes such disclosure to "another agency if the record sought to be disclosed is necessary for the receiving agency to comply with the mandate of an executive order, but only if such records are to be used only for statistical research, evaluation or reporting and are not used in making any determination about a data subject.” This provision falls squarely within the facts at bar. The term "agency” as defined by section 92 (1) includes any commission performing a governmental or proprietory function for the State. The records are germane to the Governor’s mandate in creating the Commission. Finally, no determination concerning petitioner may be made by the Commission. Their jurisdiction extends only to evaluation and reporting on areas which, in their opinion, should be the focus of legislative or administrative redress. Accordingly, the provisions of the PPPL do not prohibit disclosure of the information by the State Board to the Commission. This is not meant to imply that the subpoena power of the *835 Commission is limitless. It remains subject to traditional standards applicable to subpoenas and motions to quash (cf., Matter of New York State Dept. of Taxation v New York State Dept. of Law, 58 AD2d 298).
The petition shall be dismissed.