■ In the Matter of ALICE SCOLAMIERO, Respondent-Appellant, v NANCY CINCOTTA, Individually and Doing Business as STATUS QUO, Appellant-Respondent.—Casey, J. P. Cross appeals from an order and judgment of the County Court of Schenectady County (Reilly, Jr., J.), entered February 18, 1988, which, *inter alia,* partially granted petitioner's motion, in a proceeding pursuant to RPAPL article 7, for summary judgment for back rent and possession of real property.

The facts relating to this case are described in more detail in this court's prior decision in this matter *(Matter of Scolamiero v Cincotta,* 128 AD2d 224, *lv denied* 70 NY2d 607). Briefly stated, respondent (hereinafter the tenant) leased two stores from petitioner (hereinafter the landlord). A supplemental lease between the parties provided that the tenant and her customers could use an adjoining parking lot. A dispute arose, however, when the tenant learned that the landlord had apparently leased the same parking lot to a third party. When efforts to resolve this dispute failed, the tenant unilaterally reduced the remaining payments under her lease term by 20% and the landlord accepted these payments. The tenant then exercised an option to renew her lease and proceeded to make three payments to the landlord at a payment amount that was reduced 20% from the originally agreed-upon amount. The landlord refused these payments, sent a notice of default to the tenant and subsequently commenced a proceeding to recover possession of the premises and for back rent. In her answer, the tenant claimed she had been evicted and interposed various counterclaims.

County Court determined that the tenant had indeed been evicted, but failed to prove any damages. Since the landlord had previously accepted a $100 per month reduction under the original lease term, County Court concluded that the parties had agreed to this amount as the value of the lost parking lot and entered judgment accordingly. On appeal to this court, we determined that the tenant had, in fact, not been evicted, but affirmed County Court's judgment on other grounds *(see, supra).* The Court of Appeals denied the tenant's motion for leave to appeal *(Matter of Scolamiero v Cincotta,* 70 NY2d 607). Apparently, the tenant never paid the rent thereafter.

Accordingly, the landlord commenced the instant proceeding seeking possession of the premises, back rent since November 1, 1985 and counsel fees. In her answer, the tenant again defended on the ground that she was evicted and interposed the same counterclaims advanced in the original proceeding. The landlord's subsequent motion for summary judgment was partially granted on the basis that, because the tenant had admitted to nonpayment of rent and the eviction issue was res judicata, no question of fact existed as to the landlord's entitlement to rent from November 1, 1985, the date of the lease option, to May 12, 1986, the date of the original hearing. However, County Court ordered that a hearing be held for the time period from May 12, 1986 to the present. These cross appeals ensued.

Contrary to the tenant's argument, the question of whether she had been evicted from the landlord's premises was clearly decided by this court in the prior litigation between the parties (see, Matter of Scolamiero v Cincotta, 128 AD2d 224, 226, supra), and further consideration is barred under the doctrine of res judicata (see, Matter of Spargo v New York State Commn. on Govt. Integrity, 140 AD2d 26, 29, lv denied 72 NY2d 809; Matter of McFerran v Board of Educ., 130 AD2d 886, appeal dismissed 70 NY2d 926). The tenant erroneously states that there is a discrepancy between this court's decision and order. In our decision we properly corrected County Court's error of law and explicitly concluded that the tenant had not been evicted from the landlord's parking lot. Nonetheless, we agreed that the tenant should be awarded $100 per month, not to compensate her for a wrongful eviction, but in order to compensate her for any "diminution in the extent to which she could enjoy the use of the parking area" (Matter of Scolamiero v Cincotta, 128 AD2d 224, 226, supra). Thus, in affirming County Court's judgment, we affirmed only that which determined the rights of the parties involved (see, CPLR 5011) and not the reasoning behind County Court's decision.

Turning to the merits of the landlord's appeal herein, we find that County Court erred when it denied the landlord's motion for summary judgment for the period from May 12, 1986 to the present and ordered a trial. Since this latter time period was not covered in the original order of this court, res judicata does not apply. However, in making her motion, the landlord averred that the facts surrounding the rental period from May 12, 1986 to the present are identical to the facts surrounding the rental period from November 1, 1985 to May 12, 1986. In response to this motion, the tenant submitted

only an attorney's affidavit, not based on personal knowledge, which is insufficient to defeat a motion for summary judgment *(see, Harper v Murphy Overhead Doors,* 131 AD2d 966, 967). Moreover, the affidavit itself raised no questions of fact. Accordingly, the landlord's motion for summary judgment should have been granted in its entirety.

Order and judgment modified, on the law, with costs to petitioner, by reversing so much thereof as partially denied petitioner's motion for summary judgment; grant said motion in its entirety; and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll and Levine, JJ., concur.