OPINION OF THE COURT
William H. Keniry, J.
At issue in this CPLR article 78 proceeding is the extent to which certain documents contained in petitioner’s employment file should be shielded from disclosure under New York’s Personal Privacy Protection Law (Public Officers Law art 6-A).
Petitioner is an employee of the New York State Office of Mental Health and her work assignment is at the Capital District Psychiatric Center (CDPC) in Albany, New York. A criminal undercover investigation was conducted at CDPC by the New York State Police, in cooperation with the center’s administrative personnel, into suspected illegal drug use and drug sales by CDPC staff members. As a result of a four-month probe, two CDPC employees were arrested by police on May 2, 1990 and charged with various drug-related offenses. Seven other CDPC employees, including petitioner, were suspected of involvement in illegal drug-related activity. These seven were not arrested but were detained and questioned by CDPC management on May 2, 1990 under the disciplinary provisions of collective bargaining agreements covering the employees. On May 2, 1990, petitioner was suspended without pay from her position as a nurse administrator. The suspension was vacated on May 7, 1990. Petitioner was placed on administrative leave with pay retroactive to May 2, 1990. *245 Petitioner returned to work at CDPC on May 21, 1990 in her permanent, nonadministrative nursing title.
While petitioner was under suspension, her attorney filed a written request with the Office of Mental Health under article 6-A of the Public Officers Law to review any and all records in respondent’s custody concerning petitioner.
Respondent made available Ms. Lochner’s entire personnel file for inspection by her attorney with the exception of three documents which he contends are exempt from disclosure.
This proceeding was then commenced under section 97 of the Public Officers Law to compel the production of the three documents. In answer to the petition, respondent contends that the designated documents fall within the exceptions enumerated in section 95 of the Public Officers Law and that respondent is not required to make them available for inspection.*
The documents in question have been submitted for the court’s in camera inspection (see, Matter of Xerox Corp. v Town of Webster, 65 NY2d 131). The documents are identified as follows:
Document 1 — A seven-page document undated, prepared on or about May 1, 1990, entitled "Capital District Psychiatric Center Operations Order” with four appendixes covering five additional pages and a cover sheet identifying the individuals who received copies.
Document 2 — A three-page memorandum dated May 9, 1990 on the subject "Proposed Actions as a Result of Controlled Substance Use Special Investigation”.
Document 3 — A one-page memorandum dated July 3, 1990 on the subject "Bernadette Lochner Law Suit” with three attached pages and a cover page containing a handwritten note.
The respondent specifically contends that the three documents constitute records exempt from disclosure under subdivisions (5) (a) and (6) (d) of section 95 of the Public Officers Law. Those subdivisions provide as follows:
"(5) (a) Any agency which may not otherwise exempt personal information from the operation of this section may do *246 so, unless access by the data subject is otherwise authorized or required by law, if such information is compiled for law enforcement purposes and would, if disclosed:
"(i) interfere with law enforcement investigations or judicial proceedings;
"(ii) deprive a person of a right to a fair trial or impartial adjudication;
"(iii) identify a confidential source or disclose confidential information relating to a criminal investigation; or "(iv) reveal criminal investigative techniques or procedures, except routine techniques and procedures. * * *
"(6) Nothing in this section shall require an agency to provide a data subject with access to * * *
"(d) attorney’s work product or material prepared for litigation before judicial, quasi-judicial or administrative tribunals, as described in subdivisions (c) and (d) of section three thousand one hundred one of the civil practice law and rules, except pursuant to statute, subpoena issued in the course of a criminal action or proceeding, court ordered or grand jury subpoena, search warrant or other court ordered disclosure.”
The Personal Privacy Protection Law (PPPL) was first enacted in 1983 (L 1983, ch 652). Unlike the Freedom of Information Law (Public Officers Law art 6 [FOIL]), the PPPL has not, to date, generated much litigation over its scope and application. The court has found only one decision which reviews any of the exceptions to disclosure which are set forth in section 95 (Matter of Building a Better N. Y. Comm. v New York State Commn. on Govt. Integrity, 138 Misc 2d 829). The court notes that the language of section 95 (5) (a) is almost identical to the language of Public Officers Law §87 (2) (e) which has been the subject of considerable judicial review. The court’s consideration of the case law generated under the FOIL exceptions is appropriate in analyzing the issues raised in this proceeding.
Under FOIL, the courts have held that its statutory exceptions should be narrowly interpreted and that the burden of demonstrating an exception from disclosure rests on the government agency (Matter of Prisoners’ Legal Servs. v New York State Dept. of Correctional Servs., 73 NY2d 26, 30; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75). The placement of the burden of proof on the government agency is statutorily recognized in the PPPL (Public Officers Law § 97 [2]). The government agency must *247 articulate a particularized and specific justification for denying access, a mere general objection will not suffice (Matter of Konigsberg v Coughlin, 68 NY2d 245, 251).
Respondent contends that "Document 1” falls within the law enforcement exception as disclosure of the document to petitioner would interfere with pending judicial proceedings and reveal nonroutine criminal investigative techniques or procedures. Courts have previously held that documents pertaining to internal law enforcement investigations would be shielded from discovery in certain circumstances (Matter of Fink v Lefkowitz, 47 NY2d 567 [a comprehensive office manual and guide to the investigation and audit of a nursing home]; Matter of Scaccia v New York State Div. of State Police, 138 AD2d 50 [internal police disciplinary investigation]; and Matter of Building a Better N. Y. Comm. v New York State Commn. on Govt. Integrity, 138 Misc 2d 829, supra [investigation of election law improprieties]). The court has reviewed "Document 1” and finds that it indeed sets forth, in meticulous detail, the procedure that was followed by police and CDPC personnel in carrying out the May 2, 1990 criminal arrests and internal staff interrogations. The respondent has sustained his burden of proof. The document, in the court’s opinion, falls within the exception set forth in Public Officers Law § 95 (5) (a).
Respondent contends that "Document 2” and "Document 3” should be shielded from disclosure as material prepared for litigation before judicial, quasi-judicial, or administrative tribunals (Public Officers Law §95 [6] [d]). The court has reviewed both documents. "Document 2” summarizes the proposed course of action which CDPC management planned to take concerning the seven employees including petitioner questioned on May 2, 1990. "Document 3” is an internal memorandum which specifically concerns petitioner’s pending lawsuit against the State arising out of her detention and interrogation. Attached to "Document 3” are three pages which consist of petitioner’s time sheet for the period April 5, 1990 to May 29, 1990; an overtime voucher dated June 8, 1990; and a payroll and personnel transaction form PR-75. In the court’s opinion, the three pages do not constitute material prepared for litigation and should be disclosed. The court otherwise finds that "Document 2” and the balance of "Document 3” qualify as material prepared for litigation and fall within the exception set forth in Public Officers Law § 95 (6) (d).
*248 In view of the fact that the petitioner has not substantially prevailed in this proceeding and that the respondent had a reasonable basis to withhold disclosure of the three documents in issue, the court declines to award attorneys’ fees and disbursements to petitioner (Public Officers Law § 97 [2]; Matter of Powhida v City of Albany, 147 AD2d 236).
The petition is granted, in part, and denied, in part, without costs.

 The court acknowledges receipt on November 15, 1990 of the supplemental affidavit of the petitioner sworn to on November 13, 1990. The affidavit was reviewed by the court prior to issuance of its decision but its contents were not deemed relevant or material to the issues raised.