In the Matter of JOHN T. O'SHAUGHNESSY, Respondent-Appellant, v NEW YORK STATE DIVISION OF STATE POLICE et al., Appellants-Respondents. [609 NYS2d 18] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the appellants-respondents to grant the petitioner access to certain documents, the appeal, by permission, as limited by the appellants-respondents' brief, is from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated November 26, 1991, as directed them to make all records available for inspection by the petitioner's counsel, and the petitioner cross-appeals, by permission, as limited by his brief, from so much of the order as postponed a determination of the issues raised in the petition until such time as inspection had occurred and the parties had an opportunity to submit supplemental papers.

Adjudged that the order is reversed insofar as appealed from, on the law, and the proceeding is dismissed on the merits; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

The petitioner, an applicant for the position of New York State Trooper, received a letter from the New York State Division of Police indicating that his application would no

longer be considered because he did not meet all of the requirements for the position. The petitioner thereafter requested "the specifics of why I was declined the position" pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). The appellants-respondents agreed to make available to the petitioner copies of any materials which he had provided, but otherwise denied the request pursuant to Public Officers Law § 87 (2) (g). During the administrative appeal process, the petitioner continued to request access to "the reason(s) of [sic] the requirements I failed to meet to be employed by [the] New York State Troopers", although he purportedly expanded the legal basis for his request by seeking the information under the Personal Privacy Protection Law (Public Officers Law art 6-A) (hereinafter PPPL). The appellants-respondents continued to deny access to the records pursuant to Public Officers Law § 87 (2) (g), and the petitioner thereafter commenced this proceeding to review the determination denying him "copies of the records * * * reflecting the reasons why petitioner was deemed to be unqualified for the position of New York State Trooper". In the supporting petition, however, he expanded his request to include "all records, documents, etc. relating to Petitioner's job application and the denial thereof". In opposing the petition, the appellants-respondents contended, *inter alia,* that no record of a specific statement of reasons existed, and that the agency files were exempt from disclosure on various grounds. The Supreme Court ordered that the appellants-respondents' file be made available to the petitioner's counsel, and postponed a determination of the issues raised in the petition. We now reverse and dismiss the proceeding.

The Supreme Court erred in postponing resolution of the matter and in directing that the records be made available for review by the petitioner's counsel. The appropriate procedure is for the court to conduct an in camera inspection of the material and then render a determination on the merits of the proceeding *(see generally, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131). In the interest of judicial economy, we have conducted an in camera inspection of the records in resolving this appeal.

The petitioner's request for a statement of the specific reasons for his disqualification as a candidate for the position of New York State Trooper was properly denied, inasmuch as he has already been provided with a document stating that he failed to meet the requirements for the position *(see, Matter of Shedlock v Connelie,* 66 AD2d 433, *affd* 48 NY2d 943). More-

over, there is no record in the file which contains a more specific statement of reasons, and the appellants-respondents are under no obligation to create such a record (see, Public Officers Law § 89 [3]; *Matter of Reubens v Murray,* 194 AD2d 492; *Matter of Guerrier v Hernandez-Cuebas,* 165 AD2d 218).

Assuming, arguendo, that the petitioner's broader request for all records relating to his application is properly before us, we find that those records clearly are exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). Indeed, our review of the material reveals that, aside from the documents provided by the petitioner himself, the records consist of opinions, advice, evaluations, deliberations, conclusions or recommendations (see, e.g., *Rothenberg v City Univ.,* 191 AD2d 195; *Matter of Rome Sentinel Co. v City of Rome,* 174 AD2d 1005; *Matter of Rowland D. v Scully,* 152 AD2d 570, *affd* 76 NY2d 725; *Matter of Town of Oyster Bay v Williams,* 134 AD2d 267).

Furthermore, to the extent that the petitioner belatedly attempted to rely upon the PPPL in requesting the records, we find his contention unpersuasive. Unlike FOIL, which has as its purpose the facilitation of public access to government records, the PPPL is primarily designed to restrict access to personal information maintained by the government and is chiefly aimed at information stored in computerized databanks and information systems (see, *Matter of Spargo v New York State Commn. on Govt. Integrity,* 140 AD2d 26; L 1980, ch 677; Governor's Mem. approving L 1983, ch 652, 1983 NY Legis Ann, at 285). The PPPL does permit the subject of data to request access to the data (see, Public Officers Law § 95 [1] [a]), essentially for the purpose of correcting or amending factual information contained therein (see, Public Officers Law § 95 [2]; Governor's Mem approving L 1983, ch 652, 1983 NY Legis Ann, at 285). However, our review of the documents sought in this case persuades us that they are not the type of material intended to be governed by the PPPL (see generally, *Matter of Spargo v New York State Commn. on Govt. Integrity, supra).*

In any event, assuming that the material at issue does fall within the ambit of the PPPL, we find that it is not subject to disclosure because it consists of "public safety agency records" to which the statute does not apply (Public Officers Law § 95 [7]; *see generally, Matter of Building a Better N. Y. Commn. v New York State Commn. on Govt. Integrity,* 138 Misc 2d 829). A public safety agency record is defined in relevant part, as "a record of * * * the division of state police * * * if such record pertains to investigation" (Public Officers Law § 92 [8]). The material sought by the petitioner consists entirely of evalua-

tive documents gathered by the New York State Police pursuant to an extensive investigation into his background and qualifications for the position of New York State Trooper; hence, disclosure under Public Officers Law § 95 is inapplicable. Moreover, disclosure of such material would clearly impede the investigation of candidates for positions in the New York State Police and would interfere with the Superintendent's broad discretion in this area (see, Executive Law § 215; *Matter of Shedlock v Connelie,* 66 AD2d 433, *supra).* Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.